IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER RICK MONTEZ, | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | 5-23-CV-01483-FB-RBF |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| *Defendant.* | § | |
| | § | |
| | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

All pretrial matters in this action have been referred for resolution, pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 6. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, this case should be **DISMISSED** for want of prosecution, and Defendant's Opposed Motion for Extension of Time to File Answer, Dkt. No. 5, and Defendant's Opposed Motion to Stay Discovery and Scheduling Order Recommendations, Dkt. No. 8, should be **MOOTED**.

**Factual and Procedural Background**

Plaintiff Christopher Montez originally filed this lawsuit in the 150th District Court, Bexar County, Texas on November 7, 2023. Dkt. No. 1 at 1; *see also Montez v. Esparza*, No. 2023CI23994 (150th Dist. Ct., Bexar County, Tex. Nov. 7, 2023).  Montez sued Defendant Jaime Esparza, the United States Attorney for the Western District of Texas, over his role in

seeking the removal of a prior case, in which Montez sued various federal judges in the Western District of Texas, to federal court. *Id.* at 2. Citing his role as a United States official, Defendant Esparza removed the case to this Court on December 1, 2023. *See generally* Dkt. No. 1. Notice of that removal was reflected in the record of the underlying state-court action and sent to Montez via certified mail mailed to his last address of record. *Id.* at 4; *Montez*, No. 2023CI23994.

Since removal, Plaintiff Montez has been unresponsive in this case—indeed he has made no filings or appearances. Complicating matters, Montez has failed to provide the Court with an accurate address; the Court's last Text Order, dated January 2, 2024, was returned as undeliverable by the United States Postal Service. Dkt. No. 9.

Due to his unresponsiveness, the Court issued an order on April 24, 2024, directing Montez to show cause why the case should not be dismissed. Dkt. No. 10. That Order also contained specific instructions for Montez if he desired to further pursue this case:

> **IT IS THEREFORE ORDERED THAT** on or before the expiration of **21 days** from the date of this Order, Plaintiff shall **SHOW CAUSE** why this case should not be dismissed for want of prosecution and failure to follow a court order. *See* Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (recognizing a district court's authority to dismiss a case *sua sponte* under Rule 41(b) for want of prosecution or failure to follow a court order).

> If Plaintiff fails to follow these instructions and show cause and explain why the case shouldn't be dismissed, the Court will dismiss the case. *See* Fed. R. Civ. P. 41(b); *McCullough*, 835 F.2d at 1127. If Plaintiff no longer wishes to pursue this case, he may request voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a).

> **The Clerk's Office is further directed to send a copy of this order to Plaintiff's last known mailing address via regular mail and certified mail, return receipt requested.**

*Id.* (Show Cause Order). The Clerk of Court mailed the Show Cause Order on April 25, 2024. Dkt. No. 11. Montez's response was due May 15, 2024. As of the date of this Order, Montez has not filed a response to the docket or otherwise interacted with the case.

## Analysis

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action either *sua sponte* or on a defendant's motion for failure to prosecute or comply with a court order to "achieve the orderly and expeditious disposition of cases." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018). Here, Plaintiff Montez shows no intent to prosecute this lawsuit, and he has failed to comply with at least one Court order. Even assuming he did not receive the Court's Show Cause Order, Montez should have known of the removal through the exercise of reasonable diligence. The fact of removal is reflected in the state case. *See* 28 U.S.C. § 1446(d); *Montez*, No. 2023CI23994. Montez also has failed to provide an accurate mailing address in this action. Having taken the aforementioned steps to engage Montez and secure his participation in the case, the Court has no option but to recommend that the case be dismissed.

In making this recommendation, the Court recognizes that "[t]he scope of the court's discretion is narrower when a Rule 41(b) dismissal is with prejudice or when a statute of limitations would bar re-prosecution of an action dismissed under Rule 41(b) without prejudice." *Brown v. King*, 250 Fed. App'x 28, 29 (5th Cir. 2007). Nevertheless, the more-exacting scope of discretion reflects that dismissal is nonetheless warranted here because (1) there is a clear record of delay or contumacious conduct by Montez and (2) the Court determines that lesser sanctions would not serve the interests of justice by prompting diligent prosecution, or lesser sanctions have been employed but were futile. *See Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014). In addition, at least one of the following three aggravating factors is present: "(1) delay caused

by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*. at n. 9. Indeed, "[t]he presence of one aggravating factor, along with a record of delay or contumacious conduct and consideration of lesser sanctions, will support a dismissal with prejudice." *Price v. McGlathery*, 792 F.2d 472, 475 (5th Cir. 1985). As is required, "[t]he [ ] court's consideration of lesser sanctions [ ] appear[s] in the record for review of the court's exercise of its discretion." *Sturgeon v. Airborne Freight Corp*., 778 F.2d 1154, 1159 (5th Cir. 1985). Here, Plaintiff Montez has caused months of delay by his failure to participate in and prosecute his case. Furthermore, the Court has attempted to secure Plaintiff Montez's participation in this case multiple times without success. Any lesser sanctions would therefore be futile. The requirements for dismissal are met under the circumstances presented.

## Conclusion and Recommendation

For the reasons discussed above, it is recommended that this case be **DISMISSED** for want of prosecution. Given the recommended dismissal, Defendant's Opposed Motion for Extension of Time to File Answer, Dkt. No. 5, and Defendant's Opposed Motion to Stay Discovery and Scheduling Order Recommendations,[1] Dkt. No. 8, should be **MOOTED**.

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

## Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as

---

[1] The Court notes that although these motions are styled as, "opposed," Defendant notes in both motions that it was unable to confer with Plaintiff. *See* Dkt. Nos. 5 (noting inability to confer and so inferring opposition to the requested relief) & 8 (same).

4

a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the district court's standing orders. *See* Rule CV-7. The objecting party shall file the objections with the clerk of the court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

   **IT IS SO ORDERED**.

   SIGNED this 4th day of June, 2024.


    RICHARD B. FARRER
    UNITED STATES MAGISTRATE JUDGE