IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER RICK MONTEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. SA-23-CV-1483-FB |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The Court has considered the Report and Recommendation of United States Magistrate Judge filed in the above-captioned cause on June 4, 2024 (docket #12). On June 17, 2024, both the regular mail and the certified mail addressed to Plaintiff Christopher Rick Montez containing the Report and Recommendation of United States Magistrate Judge were returned by the post office with the notation "return to sender; no mail receptacle; unable to forward." (Docket numbers 14 and 15). To date, no objections or response to the Report have been filed.[1] The Court has reviewed the electronic docket sheet in this case and does not find a change of address notification filed by the Plaintiff.[2]

---

[1] Any party who desires to object to a Magistrate's findings and recommendations must serve and file his, her or its written objections within fourteen days after being served with a copy of the findings and recommendation. 28 U.S.C. § 635(b)(1). If service upon a party is made by mailing a copy to the party's last known address, "service is complete upon mailing ." FED. R. CIV. P. 5(b)(2)(C). If service is made by electronic means, "service is complete upon transmission." *Id*. at (E). When the mode of service is by electronic means, three days are no longer added to the time period to act after being served. *See Heverling v. McNeil Consumer Pharmaceuticals, Co.*, Civil Action No. 1:17-CV-1433, 2018 WL 1293304 at *2 n.3 (M.D. Pa. Mar. 13, 2018) ("On April 28, 2016, the Supreme Court adopted changes to the Federal Rules of Civil Procedure. In pertinent part, the Court amended Rule 6(d) to remove 'electronic means' as a mode of service triggering an additional three days to act when a responsive period commences upon service. *See* FED. R. CIV. P. 6, advisory committee's note to 2016 amendment. The amendments took effect on December 1, 2016.").

[2] The mailing address for Plaintiff used by the Clerk's Office in this case is the same address Plaintiff has used for all of his other previously filed cases.

In the Report, United States Magistrate Judge Richard B. Farrer recommends the case be dismissed for want of prosecution. As he explains in the Report, dismissal is warranted here because "(1) there is a clear record of delay or contumacious conduct by Montez and (2) the Court determines that lesser sanctions would not serve the interests of justice by prompting diligent prosecution, or lesser sanctions have been employed but were futile." Report, docket #12 at page 3. Judge Farrer found that the dismissal should be with prejudice because at least one of the following three aggravating factors is present in this case: "'(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" Id. at pages 3-4. Judge Farrer explains that "Plaintiff Montez has caused months of delay by his failure to participate in and prosecute his case. Furthermore, the Court has attempted to secure Plaintiff Montez's participation in this case multiple times without success. Any lesser sanctions would therefore be futile. The requirements for dismissal are met under the circumstances presented." Id. at page 4. Accordingly, the recommendation is made that the case be dismissed with prejudice for want of prosecution and that Defendant's Opposed Motion for Extension of Time to File Answer (docket #4), and Defendant's Opposed Motion to Stay Discovery and Scheduling Order Recommendations (docket #8) be dismissed as moot.

Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review. See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). The Court has reviewed the Report and finds its reasoning to be neither clearly erroneous nor contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir.), cert. denied, 492 U.S. 918 (1989). The Recommendation shall therefore be accepted pursuant to 28 U.S.C. § 636(b)(1) such that Plaintiff's case should be dismissed with

prejudice for failure to prosecute and failure to comply with a court order pursuant to rule 41(b) of the Federal Rules of Civil Procedure, and Defendant's Opposed Motion for Extension of Time to File Answer (docket #4), and Defendant's Opposed Motion to Stay Discovery and Scheduling Order Recommendations (docket #8) should be dismissed as moot.

Accordingly, it is hereby ORDERED that the Report and Recommendation of United States Magistrate Judge filed in this cause on June 4, 2024 (docket #12), is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that Plaintiff's case is DISMISSED WITH PREJUDICE for failure to prosecute and failure to comply with a court order pursuant to rule 41(b) of the Federal Rules of Civil Procedure, and Defendant's Opposed Motion for Extension of Time to File Answer (docket #4), and Defendant's Opposed Motion to Stay Discovery and Scheduling Order Recommendations (docket #8) are DISMISSED AS MOOT.  Motions pending, if any, are also DISMISSED, and this case is now CLOSED.

It is so ORDERED.

SIGNED this 27th day of June, 2024.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE